**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**TRIAL DIVISION – CIVIL**

| | | |
|---|---|---|
| Appeal of:<br>Selective Real Estate Group, LLC and<br>Phyllis Spencer<br><br>From a Decision of:<br>TAX REVIEW BOARD | :<br>:<br>:<br>:<br>:<br>: | November Term 2025<br><br>No. 3310; 3311; 3312 |

FILED JUL 13 PM 3:39 PA

**ORDER**

**AND NOW**, this 13th day of July, 2026, upon consideration of the briefs filed by Appellants Selective Real Estate Group, LLC, and Phyllis Spencer, and Appellee City of Philadelphia, this Court's review of the certified record, and after oral argument held on June 23, 2026, it is **ORDERED** that the Decision of the Tax Review Board is **AFFIRMED in part** and **REVERSED in part.** The Tax Review Board's decision to abate penalties and interest associated with the demolition is **AFFIRMED.** The Tax Review Board's decision to charge the property owner demolition costs violates the regulatory scheme and is **REVERSED.**[1]

---

[1] This Court's standard of review for an administrative agency appeal "is limited to determining whether there was a constitutional violation, an error of law, a failure by the local agency to comply with the statute's procedural provisions, or a material finding of fact that is unsupported by substantial evidence." *Johnson v. Lansdale Borough*, 146 A.3d 696, 711 (Pa. 2016). "Substantial evidence is relevant evidence that a reasonable mind might consider adequate to support a conclusion." *Kovler v. Bureau of Admin. Adjudication*, 6 A.3d 1060, 1062 n.7 (Pa. Commw. 2010). The standard of review for an error of law is de novo. *Appeal of Artisan Const. Group, LLC*, 355 A.3d 1003, 1010 n. 10 (Pa. Cmwlth. 2026). The scope of review is plenary. *Reed v. Brown*, 166 A.3d 570, 574 (Pa. Cmwlth. 2017).

The Philadelphia Code authorizes the City to charge costs associated with demolition if the City complies with the procedures prescribed by Phila. Code §§A-502.1, 503.1, 503.2, and §PM-110.6. These provisions require the Department of Licenses and Inspections ("L&I") to determine either a danger is so hazardous there is no time to communicate with the property owner, Phila. Code §A-503.1.1, or there is time to give the property owner a deadline by which they must communicate their intentions for abating the risk. Phila. Code §A-502.1. Here, L&I determined the risk presented by the property allowed a period of 10 days for the owner to apply for a make-safe permit. Certified Record, Part 5, p. 93. The City, however, then proceeded to demolish the property immediately—before the deadline it had communicated to the property owner and in violation of the process set forth in the regulatory scheme. The regulations do not permit the assessment of costs under these circumstances. Phila. Code §PM-110.6; Phila. Code §A-503.2.

BY THE COURT:

Christopher R. Hale

______________________________
J.

---

The Tax Review Board's ("TRB") statutory jurisdiction directs it to review "the liability of any person for any unpaid money or claim collectible by the [City] Department of Revenue." Phila. Code §19-1702(1). The cost of demolition in this case cannot be charted and is not collectible by the City for the reasons set forth above.

The TRB's decision is AFFIRMED in Part to the extent it abated penalties and interest and REVERSED in Part to the extent it charged the property owner with demolition costs incurred in violation of the regulatory scheme.