**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PHYLLIS SPENCER** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **Civil Action No. 2:25-cv-7053** |
| **CITY OF PHILADELPHIA,** ***et al.*** | : | |
| **Defendants.** | : | |

**<u>DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES ON BEHALF OF THE CITY OF PHILADELPHIA</u>**

Defendants, the City of Philadelphia ("City") and Thomas Rybakowski, hereby file this Answer to Plaintiff's Complaint, averring the following:

**PARTIES, JURISDICTION, AND VENUE**

1. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. To the extent a response is required, denied. Strict proof thereof at the time of trial is requested.

2. Admitted, in part, that Defendant City of Philadelphia (the "City")'s Law Department is located at 1515 Arch Street, 14th Floor, Philadelphia, Pennsylvania 19107.

3. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, Defendants admit that Thoms Rybakowski is a supervisor within the City of Philadelphia's Department of Licensees and Inspections ("L&I"). All other allegations are denied.

4. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. To the extent a response is required, denied.

5. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

6. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

**FACTS**

7. Admitted.

8. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. To the extent a response is required, denied.

9. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

10. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

11. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

12. Admitted.

13. Admitted.

14. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

15. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

16. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

17. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

18. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

19. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

20. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

21. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

22. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

23. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

24. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

25. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

26. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

27. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

28. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

**The City Seizes the Spencer Property for Staging**

29. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

30. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

31. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

32. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

33. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

34. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

35. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

**The City is liable for the unconstitutional actions of its employees, agents, and representatives, including Rybakowski and Pedro Palmer.**

36. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

37. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

38. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

39. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

40. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

41. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

42. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

43. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

44. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

45. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

46. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

47. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

48. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

49. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

50. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

51. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

52. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

53. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

54. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

55. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

56. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

57. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

58. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

**CAUSES OF ACTION**
**COUNT I**
**Violation of the Fourteenth Amendment**
**Procedural Due Process**

59. Answering Defendant incorporates by reference its responses in the preceding paragraphs as though fully set forth herein.

60. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

61. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

62. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

63. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

64. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

65. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

## CAUSES OF ACTION
## COUNT II
## Violation of the Fourteenth Amendment
## Procedural Due Process

66. Answering Defendant incorporates by reference its responses in the preceding paragraphs as though fully set forth herein.

67. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

68. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

69. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

70. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

71. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

72. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

**CAUSES OF ACTION**
**COUNT III**
**Violation of the Fourth Amendment**

73. Answering Defendant incorporates by reference its responses in the preceding paragraphs as though fully set forth herein.

74. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

75. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

76. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

77. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

78. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

79. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

80. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

## CAUSES OF ACTION
## COUNT IV
## Violation of the Fifth Amendment

81. Answering Defendant incorporates by reference its responses in the preceding paragraphs as though fully set forth herein.

82. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

83. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

84. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

85. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

86. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

**CAUSES OF ACTION**
**COUNT V**
**Conspiracy to Violate Civil Rights**
**42 U.S.C. § 1985**

87. Answering Defendant incorporates by reference its responses in the preceding paragraphs as though fully set forth herein.

88. The allegations in this paragraph constitute conclusions of law that were dismissed pursuant to the Court's September 30, 2026 Order, requiring no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

89. The allegations in this paragraph constitute conclusions of law that were dismissed pursuant to the Court's September 30, 2026 Order, requiring no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

90. The allegations in this paragraph constitute conclusions of law that were dismissed pursuant to the Court's September 30, 2026 Order, requiring no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

**CAUSES OF ACTION**
**COUNT VI**
**Trespass**

91. Answering Defendant incorporates by reference its responses in the preceding paragraphs as though fully set forth herein.

92. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

93. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

94. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

95. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

**CAUSES OF ACTION**
**COUNT VII**
**Conversion**

96. Answering Defendant incorporates by reference its responses in the preceding paragraphs as though fully set forth herein.

97. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

98. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

99. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. Strict proof thereof is demanded at the time of trial.

**WHEREFORE,** Answering Defendant denies that they are liable upon all causes of action declared and demand judgment in their favor, plus interest and costs.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. If Plaintiff sustained any damages, such were caused or contributed to by the sole and/or contributory negligence of Plaintiff.

3. Plaintiff's alleged damages are not casually related to the events alleged in the Complaint.

4. Plaintiff's injuries, if any, were caused by her own careless, reckless, negligent, or criminal conduct.

5. Plaintiff suffered no legally cognizable injury, harm, loss, or damage upon which relief can be granted.

6. Answering Defendants are immune and assert all defenses under the doctrines of qualified immunity or qualified privilege.

7. Plaintiff's claim is untimely pursuant to the applicable statute of limitations and/or statute of repose.

8. Plaintiff has failed to take due and appropriate care in the mitigation of her alleged damages and recovery thereof is barred in whole or in part.

9. At all times material hereto, Answering Defendant, by and through its agents, servants, or employees, acted reasonably under the circumstances.

10. Plaintiff has not established conduct by Answering Defendant sufficiently malicious, reckless, outrageous, or willful to support a punitive damages claim.

11. To the extent Plaintiff alleges an unauthorized deprivation of property, adequate state-law procedures and remedies were available to address the alleged deprivation.

12. Plaintiff did not possess the property or hold the exclusive right to possess it when the alleged trespass occurred.

13. To the extent Plaintiff previously litigated and/or had a full and fair opportunity to litigate the matters alleged in her Complaint, some or all claims are barred by claim preclusion or issue preclusion.

14. Any request for declaratory or injunctive relief is barred to the extent the challenged conduct has ended and Plaintiff does not face a real and immediate threat of future injury.

15. Plaintiff lacks standing to obtain prospective relief based solely on speculation that the challenged conduct may recur.

16. Plaintiff is not entitled to equitable relief because an adequate remedy at law exists.

17. Any recovery must be reduced by payments, compensation, property, benefits, settlements, or other value Plaintiff received for the same alleged injury, to the extent permitted by law.

18. Answering Defendant reserves the right to interpose such other defenses and/or objections to allegations set forth in Plaintiff's Complaint as continuing investigation and discovery may disclose.

19. Any entry onto Plaintiff's property was authorized by Plaintiff's consent, an express or implied license, legal process, statutory authority, necessity, and/or another applicable privilege.

20. Any possession, retention, transfer, use, or disposition of the "Spencer Property" was undertaken pursuant to Plaintiff's consent and/or lawful authority, legal process, contractual authority, or other privilege.

21. The alleged entry onto Plaintiff's property by Answering Defendant did not exceed the scope or duration of the consent, license, or lawful authority granted.

22. Answering Defendant's conduct was not the actual or proximate cause of Plaintiff's alleged damages. Plaintiff's claims are barred, in whole or in part, because Ms. Cahill's alleged injuries and damages were caused by intervening and superseding acts or omissions that were independent of, and not reasonably foreseeable by, the City, thereby severing any causal connection between the City's conduct and the harm alleged.

23. Plaintiff has not established conduct by Answering Defendant sufficiently malicious, reckless, outrageous, or willful to support a punitive damages claim.

24. Plaintiff's state-law claims are barred, in whole or in part, by the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa.C.S. §§ 8541–64, and related statutory immunities and limitations.

25. The City of Philadelphia assert all of the defenses, immunities, and limitations of damages available under the "Political Subdivision Tort Claims Act" and aver that Plaintiffs'

remedies, if any, are limited exclusively thereto. Act of Oct 5, 1980, No. 142, P.L. 693, 42 Pa. C.S.A. § 8541 et seq.'

26. Plaintiff has failed to exhaust their administrative remedies.

27. Plaintiff has unjustly enriched herself by maintaining her building and property, prior to demolition, below the standards set by Philadelphia's Code. Accordingly, Plaintiff owes the city statutory fines for each and every relevant violation.

**WHEREFORE,** Answering Defendant denies that they are liable upon all causes of action declared and demand judgment in their favor, plus interest and costs.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PHYLLIS SPENCER** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **Civil Action No. 2:25-cv-7053** |
| **CITY OF PHILADELPHIA, *et al.*** | : | |
| **Defendants.** | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that on the date below Defendants, the City of Philadelphia ("City") and Thomas Rybakowski, Answer to Plaintiff's Complaint, was filed via the Court's electronic filing system and is available for downloading.

Date: October 14, 2026

*/s/ Courtney C. Okwara*

**COURTNEY C. OKWARA, Esq.**
Assistant City Solicitor
Pa. Attorney ID No. 337454
City of Philadelphia, Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
Phone: 215-685-6654
courtney.okwara@phila.gov