**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PHYLLIS SPENCER,<br>Plaintiff,<br><br>v.<br><br>CITY OF PHILADELPHIA; THOMAS RYBAKOWSKI, individually and in his official capacity; and PEDRO PALMER CONSTRUCTION, INC.,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | No. 2:25-cv-7053-KBH |

**REPORT OF RULE 26(f) MEETING**

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on October 28, 2026, and submit the following report of their meeting for the court's consideration:

1. **Discussion of Claims, Defenses, and Relevant Issues.**

**A. Plaintiff**

Plaintiff, Phyllis Spencer, owns real property at 450 North 60th Street in Philadelphia. On December 18, 2023, Thomas Rybakowski, a supervisor with the City's Department of Licenses and Inspections ("L&I"), telephoned Ms. Spencer and told her he intended to demolish the one-story building on the property unless she took immediate action. Ms. Spencer immediately retained a professional engineer, Mathu Davis, P.E., who inspected the building, concluded that no emergency existed and no collapse was imminent, and prepared a written report that Ms. Spencer provided to the City. Two days later, without a hearing and before the December 28, 2023 deadline the City itself had given Ms. Spencer to remedy the conditions, the City

demolished the building, and more than $36,000 of Ms. Spencer's personal property inside it was taken. Then, in May 2024, Defendants entered the now-vacant lot, tore down Ms. Spencer's fence, and used the lot, without her permission and without compensation, as a staging area for Defendant Pedro Palmer Construction, Inc.'s work on an adjacent property. In a related appeal from the Tax Review Board, the Philadelphia Court of Common Pleas held on July 13, 2026 that the City demolished the building before its own communicated deadline and in violation of its regulatory scheme, and it abated the demolition charges the City had assessed against Ms. Spencer.

Ms. Spencer asserts claims under 42 U.S.C. § 1983 for violation of her Fourteenth Amendment right to procedural due process, her Fourth Amendment right to be free from unreasonable seizures, and her Fifth Amendment right to just compensation; a conspiracy claim under 42 U.S.C. § 1985; and state-law claims for trespass and conversion. On September 30, 2026, the Court denied the motions to dismiss filed by the City and by Pedro Palmer Construction. The Court dismissed without prejudice only the constitutional claims against Mr. Rybakowski in his individual capacity and the § 1985 conspiracy claim; the trespass and conversion claims against him remain. The Court also held that the City is bound by the findings of the Court of Common Pleas that the building did not require immediate demolition, that the City gave Ms. Spencer until December 28, 2023 to remedy the conditions, and that the City violated its own regulations by demolishing before that deadline.

In light of those findings, Plaintiff believes the principal remaining issues are the extent of Defendants' liability for the May 2024 entry onto and use of the lot, the policies and practices under which the City carries out "imminently dangerous" demolitions, and damages. Ms. Spencer seeks the value of the demolished structure, the cost to rebuild the demolished structure, the value of the personal property taken, damages for the destruction of her fence and the uncompensated use of her lot, and attorneys' fees and costs under 42 U.S.C. § 1988. Plaintiff will seek discovery of L&I's file for the property; the City's internal communications concerning the decision to demolish and its receipt of the Davis report; the demolition and staging-area contracts, invoices, and communications between the City and Pedro Palmer Construction; and the City's policies governing emergency demolitions. Plaintiff anticipates deposing Mr. Rybakowski, other L&I personnel involved in the demolition, a corporate designee of the City under Rule 30(b)(6), and a representative of Pedro Palmer Construction. Plaintiff anticipates moving for summary judgment on liability at the close of discovery and reserves the right to seek leave to reassert the dismissed claims against Mr. Rybakowski if discovery establishes his personal involvement.

**B. Defendants**

**i. Pedro Palmer Construction, Inc.**

Pedro Palmer Construction, Inc. ("PPC") was performing demolition at nearby properties on North 60th Street in Philadelphia, Pennsylvania *after* Plaintiff's

Property had been demolished by Pasholii Construction. When PPC arrived in the area, Plaintiff's Property was already demolished by PPC.

### ii. City of Philadelphia and Thomas Rybakowski

Defendants, the City of Philadelphia and Thomas Rybakowski, disagree with Plaintiff's perspective of the remaining issues. First, the parties must still resolve whether the City's demolition of the Spencer Property was lawful. For if so, then Plaintiff has no underlying violation to support her Section 1983 constitutional claims. The parties must also resolve whether, as Plaintiff claims, Ms. Spencer's personal property was taken by any of the Defendants and whether 450 N. 60th Street was used for "staging." Only then would the parties reach the questions of 'what Ms. Spencer's personal property was monetarily worth?' and 'what is the reasonable compensation for the use of the lot?'

With respect to Plaintiff's tort claims, Defendants assert that evidence must still be developed to establish their validity. If the evidence soundly establishes the validity of such claims, which Defendants do not agree with at this time, then the remaining issues become whether Defendants' actions crossed the line from negligence to actual malice or willful misconduct. If not, then the City's (and Rybakowski's) statutory protection against intentional torts stands. *See* Political Subdivision Tort Claims Act. 42 Pa. C.S.A. §8541 et seq.

Accordingly, Defendants foresee seeking the following discovery: a deposition of Plaintiff; a deposition of her structural engineer; a deposition of the entities she purports have provided accurate estimates regarding the value of her property, the

cost of 'rebuild,'[1] or structural reports; any and all documents, photographs, or communications discussing, during the relevant time period, the physical state of the property, the value of the property and land, the maintenance of the property and land, its compliance with City statutes regarding property and land maintenance, and the economic value and commercial profitability of the property and land. Defendants also seek discovery regarding Plaintiff's mortgage and property insurance on the property, including when was the last time Plaintiff had a mortgage or HELOC on the property and what were the related loan documents; when was the last time Plaintiff had insurance on the property and what were the related insurance documents; has Plaintiff ever had an appraisal done on the property; and the like.

Defendants predict filing a motion for summary judgment at the close of discovery. Defendants reserve the right to reassert their arguments against (1) Plaintiff's dismissed conspiracy claim and (2) Plaintiff's dismissed constitutional claims against Mr. Rybakowski in the event Plaintiff chooses to re-plead them.

**2. Informal Disclosures**

Plaintiff has already provided its Rule 26(a)(1) initial disclosures. With those disclosures, Plaintiff produced 592 pages of documents relevant to the dispute, including, estimates to repair and replace the demolished property which support Plaintiff's damage claim.

Defendants shall make their Rule 26(a)(1) initial disclosures by November 9, 2026.

[1] Rebuild also being defined as what: the imminently dangerous state the Property was in prior to demolition or a turn-key, out-fitted residential or commercial property.

**3. Formal Discovery**

On October 20, 2026, Plaintiff served defendants with interrogatories, requests for production, and requests for admission. The parties anticipate between 5-7 depositions. The parties propose the pretrial deadlines set forth and Schedule A attached hereto. Plaintiff believes that the standard 120 days of discovery is sufficient. Defendants request 150 days from the Rule 16 conference to complete discovery.

**4. Electronic Discovery**

The parties agree to the entry of the Court's default order regarding electronic discovery.

**5. Expert Witness Disclosures**

The parties have set forth proposed dates for expert witness disclosures and discovery on the attached schedule A.

**6. Early Settlement or Resolution**

Plaintiff has made a formal settlement demand on defendants. The parties consent to referral to a magistrate judge for a settlement conference.

**7. Trial Date**

The parties understand that chambers will contact them after dispositive motions are filed or decided to schedule further proceedings, including trial.

**8. Other Matters**

None at this time.

Respectfully submitted,

Dated: November 3, 2026

*/s/ Walter S. Zimolong*
WALTER S. ZIMOLONG III, ESQUIRE
JAMES J. FITZPATRICK, ESQUIRE
Zimolong, LLC
Attorney I.D. 89151
wally@zimolonglaw.com
PO Box 552
Villanova, PA 19085-0552
Tele: 215-665-0842

**SCHEDULE A**

Spencer v. City of Philadelphia, et al., No. 2:25-cv-7053-KBH

Proposed Pretrial Deadlines

| Event | Proposed Deadline |
|---|---|
| Initial Disclosures | November 9, 2026 |
| Written Discovery | February 12, 2027 (Plaintiff's request); March 12, 2027 (Defendants' request) |
| Fact Discovery Deadline | March 12, 2027 (Plaintiff's request); April 12, 2027 (Defendants' request) |
| Parties Exchange Curricula Vitae and Reports of Expert Witnesses | April 12, 2027 (Plaintiff's request) May 12, 2027 (Defendants' request) |
| Responses or Rebuttal Reports | May 12, 2027 (Plaintiff's request) June 11, 2027 (Defendants' request) |
| Close of Expert Discovery, Including Depositions | June 12, 2027 (Plaintiff's request) July 12, 2027 (Defendants' request) |
| Motions for Summary Judgment and/or Daubert Motions | July 14, 2027 (Plaintiff's request); August 11, 2027 (Defendants' request) |
| Responses to Dispositive Motions | August 10, 2027 (Plaintiff's request), September 10, 2027 (Defendants' request) |